**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANALDA TORRES and** | : | |
| **JHONATHAN G. TORRES,** | : | |
|     **Plaintiffs** | : | **No. 1:13-cv-01143** |
| | : | |
|     **v.** | : | **(Judge Kane)** |
| | : | |
| **KYLE A. GAUTSCH, et al.,** | : | |
|     **Defendants** | : | |

**MEMORANDUM**

Before the Court is a motion by Plaintiffs' counsel to withdraw as attorney in the above-captioned action.  (Doc. No. 14.)  For the reasons that follow, the Court will grant the motion to withdraw.

**I.     BACKGROUND**

On April 11, 2013, Plaintiffs Analda Torres and Jhonathan G. Torres filed a complaint in the Court of Common Pleas of Dauphin County, Pennsylvania, alleging excessive force by members of the Harrisburg City Police Department.  (Doc. No. 1-4.)  Defendants removed the case to this Court on April 30, 2013.  (Doc. No. 1.)  On March 12, 2014, Plaintiffs' counsel filed a motion for an extension of then-pending scheduling deadlines.  (Doc. No. 12.)  According to the motion, Plaintiffs' counsel handled this case through his "of counsel" position at a local firm. (Id.)  However, counsel asserted that the disciplinary board and the Cumberland County District Attorney's Office launched an investigation into misuse of funds by a different member of the firm, and Plaintiffs' counsel immediately resigned from his position there.  (Id.)  Plaintiffs' counsel stated that he no longer had access to a legal research system, lost his malpractice insurance, other resources and financial backing, and thus was not able to continue discovery at

1

that time.  (Id.)  Plaintiffs' counsel attested that he needed additional time to find Plaintiffs new

counsel, or to "clean up the mess" and determine whether he could continue representing

Plaintiffs.  (Id.)  The Court granted an extension, and ordered counsel to report to the Court

within sixty days as to how it should proceed with scheduling deadlines in this matter.  (Doc. No.

13.)

On May 12, 2014, Plaintiffs' counsel filed a motion to withdraw as counsel.  (Doc. No.

14.)  The reasons are essentially the same as stated in the earlier motion to extend deadlines:

because of the investigation and his subsequent resignation, he is now without the resources to

take the multiple depositions still necessary in this case, and is currently without malpractice

insurance.  (Id.)  Accordingly, he is attempting to close out or refer the majority of his civil cases

and he asserts that continuing to litigate this case would cause him financial hardship.  (Id.)  In

response to this motion, the Court issued a show cause order, which set forth that before the

Court could rule on his motion to withdraw, Plaintiffs' counsel needed to inform the Court: (1)

whether he has informed the Plaintiffs of his intention to withdraw, (2) whether Plaintiffs object

to his withdrawal, and (3) whether Plaintiffs are seeking or intend to seek new counsel to

represent them in this matter.  (Doc. No. 15.)  On June 23, 2014, Plaintiffs' counsel informed the

Court that he was attempting to contact the Plaintiffs concerning this matter.  (Doc. No. 16.)  On

June 24, 2014, Plaintiffs' counsel informed the Court that his clients "both object to my

withdrawal as counsel" and that they informed him that "if [he] was allowed to withdraw they

would definitely like a new attorney to represent them and they would seek that on their own or

through any help from myself or the Court."  (Doc. No. 17.)  The motion is now ripe for

disposition.

## II.    DISCUSSION

Whether to grant counsel leave to withdraw is left to the sound discretion of the district court.  See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 679 (3d Cir. 1986).  Under M.D. Pa. Local Rule 83.15:

> Appearance of counsel shall not be withdrawn except by leave of court. The court may refuse to approve withdrawal. If counsel is superseded by new counsel, such new counsel shall enter an appearance and counsel who is superseded shall comply with this rule and apply for leave to withdraw from the action. The court may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance.

Some factors that courts in this circuit consider on an attorney's motion to withdraw include (1) the reasons withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay resolution of the case.  Taylor v. Stewart, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998); Hargrove v. City of Phila., No. 93-5760, 1995 WL 550441, at *1 (E.D. Pa. Sept. 15, 1995).

The Court finds that the above factors support granting counsel leave to withdraw his representation in this matter.  First, counsel's assertion that he will suffer serious financial hardship if he continues to litigate this case sets forth a compelling reason in favor of withdrawal. The Pennsylvania Rules of Professional Conduct are relevant to the Court's determination on a motion to withdraw as counsel, see Taylor, 20 F. Supp. 2d at 883, and Pennsylvania Rule of Professional Conduct 1.16(b)(6) provides that counsel may withdraw from representation where "the representation will result in an unreasonable financial burden on the lawyer."  See Buschmeier v. G&G Invs. Inc., 222 F. App'x 160, 164 (3d Cir. 2007).  Plaintiffs' counsel avers

that he no longer has the resources needed to continue the case, cannot afford to take the necessary witness depositions and that he does not have malpractice insurance.  Accordingly, the Court finds that counsel has stated valid reasons for withdrawal.

Second, the Court finds that any prejudice this will cause to the parties is minimal. Generally, courts find prejudice and deny counsel leave to withdraw from representation when the motion to withdraw comes at a very late stage in the litigation, placing the clients at a distinct disadvantage in finding replacement counsel and making it difficult for any replacement counsel to get up to speed on the relevant issues and history of the case.  See Sharp v. Verizon Delaware Inc., No. 11-1209, 2012 WL 6212615, at *4 (D. Del. Dec. 12, 2012) (observing that "[w]hen courts have denied such motions due in part to the state of the case schedule, it has almost uniformly been because the motion to withdraw was made at or near trial or in the post-trial briefing stage" and citing cases); Carter v. City of Phila., No. 98–2903, 2000 WL 537380, at *2 (E.D. Pa. Apr. 25, 2000) (denying motion to withdraw in part because if motion were granted, plaintiff would be forced to try the case pro se five weeks from the date of the order).  Although Plaintiffs will need to find new counsel, the early stage of this case – discovery is still ongoing – means that they may seek new counsel without suffering significant prejudice.  See Keitt v. Doe, No. 93-2968, 1993 WL 409166, at *2 (E.D. Pa. Oct. 12, 1993) (finding that because discovery had not been conducted, the "early stage of the proceedings [] militates in favor of granting plaintiff's counsel's request [to withdraw]").  In addition, the Court will stay the case for a brief period in order to provide Plaintiffs ample time to seek replacement counsel, and for any

replacement counsel to get up to speed on the litigation.[1]  See Wolgin v. Smith, No. 94-7471, 1996 WL 482943, at *5 (E.D. Pa. Aug. 21, 1996) (finding that "permitting withdrawal will not unduly delay the resolution of this case or materially prejudice [counsel's client] . . .. [as] there is currently no trial scheduled.  If [counsel's client] chooses to hire new counsel, and the Court urges him to do so, the Court will give counsel ample opportunity to become familiar with the litigation and prepare for trial").

Lastly, the Court finds that permitting withdrawal will not harm the efficient administration of justice or unduly delay the case.  As the Court noted above, the case is currently in discovery, and there is no immediate trial date that will be affected by granting counsel's request.  Moreover, the scheduling in the case has already been delayed as a result of counsel's unfortunate situation, and the Court therefore finds that efficient resolution of the matter would in fact be encouraged by permitting withdrawal and giving Plaintiffs an opportunity to retain counsel with the resources to effectively and expeditiously litigate their claims.  Although the Court will briefly stay deadlines in order to allow Plaintiffs to seek counsel, thereby delaying the case, the Court observes that Defendants do not oppose the motion (see Doc. No. 14 at 2), and the Court concludes that Defendants do not believe that allowing counsel to withdraw and giving Plaintiffs a reasonable period of time to find replacement counsel will unduly delay the matter.  Accordingly, the Court will grant Plaintiffs' counsel's motion to withdraw as attorney in this matter.  An order consistent with this memorandum follows.

---

[1]  Although the Court will permit him to withdraw, the Court encourages counsel to assist his former clients in seeking new representation in this matter.