**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANALDA TORRES and** | : | |
| **JHONATHAN G. TORRES,** | : | |
| **Plaintiffs** | : | |
| | : | **No. 1:13-cv-01143** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **KYLE A. GAUTSCH, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the Court is Defendant Kyle A. Gautsch's motion to dismiss pursuant to Federal

Rule of Civil Procedure 41(b) for failure to prosecute this action.  (Doc. No. 23.)  For the reasons

that follow, the Court will grant Defendant's motion, will dismiss Plaintiff's complaint, and will

close the case.

I.      **BACKGROUND**

On April 11, 2013, Plaintiffs Analda Torres and Jhonathan G. Torres filed a complaint in

the Court of Common Pleas of Dauphin County, Pennsylvania, alleging excessive force by

Defendant Kyle A. Gautsch and six unknown members of the Harrisburg City Police

Department.[1]  (Doc. No. 1-4.)  Defendant Gautsch removed the case to this Court on April 30,

2013.  (Doc. No. 1.)  On May 12, 2014, Plaintiffs' counsel, Vincent Monfredo, filed a motion to

withdraw as counsel.  (Doc. No. 14.)  According to Mr. Monfredo, he had left a position at his

---

[1] This action was actually initiated on December 28, 2010, in the Court of Common Pleas of Dauphin County, Pennsylvania, where Plaintiffs filed a Praecipe for Writ of Summons.  (Doc. No. 23-1.)  On January 10, 2013, that court issued a notice to Plaintiffs that the docket showed no activity in the case for at least two years.  (Doc. No. 23-2.)  That court further informed Plaintiffs that it would therefore terminate their case unless the Plaintiffs filed a statement of intention to proceed.  (Id.)  Plaintiffs thereafter filed a statement of intention to proceed (Doc. No. 23-3), and eventually filed their complaint on March 28, 2013 (Doc. No. 23-6).

1

law firm, and no longer had the financial resources available to continue representation in this matter.  (Id.)  He stated that he was closing or referring most of his remaining civil cases, and that continuing to represent the Plaintiffs in this action would cause him financial hardship.  (Id.)

On July 9, 2014, the Court granted Plaintiffs' counsel's motion to withdraw.  (Doc. No. 19.)  The Court also stayed the action, and ordered the Plaintiffs to inform the Court in writing within sixty days as to whether they intended to proceed pro se or whether they had retained other counsel.[2]  (Id.)  However, sixty days passed without any response from Plaintiffs.

Thereafter, on September 24, 2014, the Court issued another order, directing the Plaintiffs to inform the Court within twenty days whether they had retained new counsel or intended to proceed pro se.  (Doc. No. 22.)  The Court further cautioned Plaintiffs that failure to respond to the court's order could result in dismissal of their action for failure to prosecute and failure to comply with court orders.  (Id.)  However, the Plaintiffs again failed to respond in any way to the Court's order.

Subsequently, on October 23, 2014, Defendant filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  (Doc. No. 23.)  Plaintiffs have not filed a response to Defendant's motion.

## II.     DISCUSSION

---

[2] The record indicates that the Plaintiffs are aware of the Court orders directing them to inform the Court of how they intended to proceed in this action.  On July 11, 2014, Plaintiffs' former counsel informed the Court that he provided a copy of the July 9 order to Plaintiffs and that he scheduled a phone conference with Plaintiffs to discuss the order.  (Doc. No. 21.) Plaintiffs' former counsel also provided the Court with the following address at which the Court could reach Plaintiffs: 3150 Sycamore Street, Harrisburg, PA 17111.  (Id.)  The Court sent subsequent orders to that address via first-class mail.  (See Doc. No. 22 at 2.)

In moving to dismiss pursuant to Rule 41(b), Defendant contends that the factors set forth by the United States Court of Appeals for the Third Circuit in <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984), support dismissal of Plaintiffs' complaint. (Doc. No. 24.) Defendant argues that additional discovery is still necessary, and that he is prejudiced by the delay in this action, which arises out of events that allegedly occurred in 2008, and by the continued uncertainty regarding the status of the case. (<u>Id.</u>)

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Poulis</u>, 747 F.2d at 868. No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." <u>Poulis</u>, 747 F.2d at 870.

The Court has balanced the factors, and concludes that dismissal is appropriate under the circumstances. First, Plaintiffs are at this time unrepresented by counsel and proceeding <u>pro se</u>, and their failure to comply with Court orders therefore cannot be blamed on counsel. <u>See</u>

Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). Plaintiffs have completely ignored multiple orders from this Court, and the Court concludes they are personally responsible for the stagnation of the proceedings. Second, the Court finds that it is highly prejudicial to Defendant to allow this case to continue to linger indefinitely. It appears that it has been almost six years since the alleged events giving rise to this action occurred, and the continued indefinite delay caused by Plaintiffs threatens Defendant's ability to successfully defend this action. See Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) ("[P]rejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.") (internal quotation marks and citation omitted). As Defendant points out, there is still discovery necessary in this case. (Doc. No. 24 at 3.) He cannot obtain this discovery while Plaintiffs entirely fail to respond or to otherwise proceed with this action.

Third, the Court finds that Plaintiffs' behavior in this case indicates a history of dilatoriness. See id. at 260 ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent . . . tardiness in complying with court orders.") Plaintiffs have twice failed to respond to this Court's orders seeking an update on the status of their case, even though the Court warned Plaintiffs in its most recent order that a failure to respond may result in the dismissal of their case for failure to prosecute. (See Doc. No. 22.) They also have not filed any response to the present motion to dismiss. Additionally, the Court observes that Plaintiffs were dilatory in filing the original complaint in state court. Specifically, they waited over two years from the filing of their Praecipe for a Writ of Summons (Doc. No. 23-1), to ultimately file the complaint (Doc. No. 23-6), and, further, they filed that complaint only after the Court of

Common Pleas informed them that the failure to do so would result in the involuntary dismissal of their case (Doc. No. 23-2).  As a result of this continued dilatory behavior, this action has existed in some form since December, 2010.

With respect to the fourth factor, the Court must consider whether Plaintiffs' conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Briscoe, 538 F.3d at 262.  The Court has given Plaintiffs multiple opportunities to respond to Court orders and to inform the Court of their status, but they have failed to do to so or to alternatively provide any reasons for not responding.  The Court concludes that this disregard for its orders is willful.  Fifth, the Court is unable to find an alternative sanction to dismissing Plaintiffs' case.  See id. at 262 ("[W]hen a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate.").  Plaintiffs are not responding to the Court's orders, even after they were expressly cautioned by the Court that dismissal for failure to prosecute was a possibility.  Plaintiffs ignored the Court's warning and, accordingly, the Court can surmise no adequate sanction in this matter other than dismissal for failure to prosecute.

The last factor is the meritoriousness of Plaintiffs' claim.  In arguing that Plaintiffs' claims lack merit Defendant cites to his own deposition testimony that contradicts the allegations in the complaint that he committed excessive force through the use of pepper spray.  (See Doc. No. 23-7.)  However, in considering the meritoriousness factor, courts use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim.  Id. at 263 (citing Poulis, 747 F.2d at 869-70).  Accordingly, the Court declines to use Defendant's testimony regarding a disputed fact to conclude that Plaintiffs claims lack merit, particularly in light of the fact that the Court has not

received Plaintiffs' testimony or position on the subject.

Nevertheless, despite the inconclusive meritoriousness factor, the Court finds that the other five factors weigh heavily in favor of dismissal. Accordingly, the Court will dismiss the case. In balancing the Poulis factors, there is no "magic formula" or "mechanical calculation" to determine how they are considered. Briscoe, 538 F.3d at 263 (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)). Instead, it is within this Court's discretion to balance these factors. Id. Further, as the Court noted above, no single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware, 322 F.3d at 221. Here, despite multiple orders, months have passed with no response from Plaintiffs, and Defendant continues to be prejudiced by the delay. The Court therefore finds that dismissal is the appropriate disposition under the circumstances. An order consistent with this memorandum follows.